**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

IN RE:

BARBARA L. NAGELEISEN                                                      CASE NO. 14-20862

DEBTOR

**OPINION AND ORDER**

  This case is before the Court on the Trustee's objection [Doc. 95] to the Debtor's amended claim of exemptions [Doc. 90]. In her petition, the Debtor elected to claim federal exemptions under 11 U.S.C. § 522(b)(2). In her amended claim of exemptions, the Debtor adjusts those federal exemptions, reducing her homestead exemption and claiming a wild-card exemption in an IRA. The Debtor also seeks, however, to exempt property at 3532 Wolf Road, Taylor Mill, Kentucky (the "Wolf Road property") as entireties property, exempt from process under *state* law, pursuant to 11 U.S.C. § 522(b)(3)(B). The Trustee objects to the Debtor's exemption of the Wolf Road property on several grounds, one being that the Debtor cannot claim exemptions under both federal and state law.

  Section 522(b)(1) of the Code provides that "an individual debtor may exempt from property of the estate the property listed in *either* paragraph (2) or, in the alternative, paragraph (3) of this subsection." 11 U.S.C. § 522(b)(1) (emphasis added). Section 522(b)(2) references a set of federal exemptions in § 522(d), while § 522(b)(3) generally authorizes a debtor to claim state exemptions, including exemptions in entireties property. A debtor may not claim exemptions under both. *See* 11 U.S.C. § 522(b)(1); *In re Zott*, 225 B.R. 160, 167 (Bankr. E.D. Mich. 1998).

The Debtor argues that her proposed exemption of the Wolf Road property as entireties property under Kentucky law is consistent with the Code's restriction on claiming both federal and state exemptions.  She claims that a Kentucky statute permits Kentucky domiciliaries to claim the federal exemptions in § 522(d), and that her exemptions, both state and federal, therefore qualify as exemptions under state law that are allowable under § 522(b)(3).  The statute in question, Kentucky Revised Statute § 427.170, titled: "Federal bankruptcy code exemptions applicable in Kentucky," provides:

> Solely for the purpose of applying the provisions of 11 U.S.C. sec. 522(b)(2) in a federal bankruptcy proceeding and only to the extent otherwise allowed by applicable federal law, an individual debtor domiciled in this state is authorized to exempt from property of said debtor's bankruptcy estate the property specified under 11 U.S.C. sec. 522(d).

KY. REV. STAT. § 427.170.  By its plain terms, § 427.170 only allows Kentucky debtors to claim § 522(d) exemptions under § 522(b)(2).  It does not incorporate them into the general body of state exemption law that debtors may claim under § 522(b)(3).  As the Kentucky Supreme Court has explained, the purpose of § 427.170 is simply to permit Kentucky debtors in bankruptcy to claim federal exemptions, should they so elect.  *See MPM Fin. Grp., Inc. v. Morton*, 289 S.W.3d 193, 199 (Ky. 2009) (construing former version of the statute consistently).

Therefore, the Debtor can only claim her federal exemptions pursuant to § 522(b)(2), and cannot retain those exemptions while exempting the Wolf Road property under § 522(b)(3).  The Trustee's objection to Debtor's exemption of the Wolf Road property is, therefore, sustained.  It is unnecessary to consider the Trustee's alternative arguments for disallowance of the exemption.

2

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Wednesday, March 18, 2015
(tnw)